UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ELEANOR & KELTON AARON,  )  | |
| Plaintiffs,  )  | |
| )  | |
| v.  )  | CAUSE NO.: 2:07-CV-345-PRC |
| )  | |
| GINTER REALTY, INC.,  )  | |
| CAROL LUKEN, and ERIC MUNDY,  )  | |
| Defendants.  )  | |

**OPINION AND ORDER**

This matter is before the Court on (1) three identical "Motions to Dismiss" [DE 7, DE 8, DE 9], filed by Defendants Ginter Realty, Inc., Carol Luken, and Eric Mundy (collectively "Defendants") on November 1, 2007; (2) "Defendant Carol Luken's Amended Motion to Dismiss" [DE 11], filed by Defendant Carol Luken on November 13, 2008; (3) "Defendant Ginter Realty, Inc.'s Amended Motion to Dismiss" [DE 12], filed by Defendant Ginter Realty, Inc. on November 13, 2007; (4) "Defendant Eric Mundy's Amended Motion to Dismiss" [DE 13], filed by Defendant Eric Mundy on November 13, 2007; and (7) a "Joint Motion to Dismiss" [DE 20], filed by Defendants on February 1, 2008. *Pro se* Plaintiffs Eleanor and Kelton Aaron (collectively "Plaintiffs") have not filed a response to any of the motions, and the time to do so has passed. As set forth in this Order, the Court grants the Joint Motion to Dismiss [DE 20] and the Amended Motions to Dismiss [DE 11, DE 12, DE 13] and denies as moot the Motions to Dismiss [DE 7, DE 8, DE 9], dismissing Plaintiffs' Complaint in its entirety.

**PROCEDURAL BACKGROUND**

The *pro se* Plaintiffs filed this cause of action against Defendants in the United States District Court for the Northern District of Indiana, Hammond Division on October 4, 2007. In their Complaint, Plaintiffs allege that Defendants "conducted business fraudulently and unlawfully"

during the sale of certain property in Gary, Indiana. Exhibits were attached to the Complaint, including a copy of the Purchase Agreement and email correspondence.

On November 1, 2007, Defendants filed three copies of a Motion to Dismiss.

On November 13, 2007, each Defendant filed a separate Amended Motion to Dismiss. The Defendants also jointly filed a Defendants' Memorandum of Law in Support of Motion to Dismiss.

On December 3, 2007, Plaintiffs filed a Motion for Continuance, requesting an additional thirty days to respond to Defendants' Motions to Dismiss. Plaintiffs represented that an attorney had been assisting them with their filings but the attorney could not be reached and that Plaintiffs would seek new counsel to assist with their response. On December 6, 2007, the Court granted the motion and gave Plaintiffs up to and including January 3, 2008, in which to file a response. As of the date of this Order, Plaintiffs have not filed a response.

On February 1, 2008, Defendants filed their Defendants' Joint Motion to Dismiss, noting that Plaintiffs have not responded to the Amended Motions to Dismiss and, thus, asking the Court to rule on the Amended Motions to Dismiss and to issue an order dismissing Plaintiffs' Complaint, with prejudice.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ALLEGATIONS IN THE COMPLAINT

The following are the relevant facts as taken from the Complaint and the documents attached to the Complaint. Plaintiffs allege that Defendants conducted business fraudulently and unlawfully during the sale of property known as 1007 W. 39th Avenue, Gary, Indiana. On October 3, 2006, Plaintiffs met with Carol Luken, a real estate broker for Ginter Realty, Inc., at the 1007 W. 39th Avenue property and inquired about the selling price of the property. That day, Luken sent an email to Kelton Aaaron, indicating that the property "is going to be listed for 33,000." Cmplt., Exh. A. Later that same day, Luken sent Plaintiffs an email containing her office address and instructing them to "[b]ring a check for 1,000.00 earnest money." Cmplt., Exh. B. Luken also stated that, if Plaintiffs were getting financing through a bank, Luken would need the lender's contact information.

Plaintiffs allege that, on October 4, 2006, they signed a Purchase Agreement and paid Luken the sum of $1000.00 by check for the purchase of the property at 1007 W. 39th Avenue. Plaintiffs allege that, according to the Purchase Agreement, Luken was required to deposit the check into a trust account within two banking days after acceptance of the Purchase Agreement and that Luken "broke" the Purchase Agreement by not depositing the earnest money in the required time frame. Cmplt., ¶ 6.

On October 6, 2006, Plaintiffs secured financing from Wells Fargo Financial to purchase the property. On October 26, 2006, Jatin Patel, a Wells Fargo Financial Branch Manager, sent a letter to Luken, indicating that Plaintiffs were in the process of obtaining a loan for a down payment on the property and that they were pre-approved for a mortgage of $20,000.00.

On October 31, 2006, Plaintiffs received their original check in the mail, in the amount of $1000.00, from Luken with a note stating, "I'm sorry it didn't work out." Cmpt., Exh. G. On

3

November 6, 2006, Plaintiffs sent a letter to Ginter Realty, Inc. and Luken regarding the poor level of service they had received during the sale of the property.

Plaintiffs allege that Luken violated § 1-1-36 of Title 876 of the Indiana Administrative Code, which provides: "A licensee shall not directly or indirectly buy, offer to buy, sell, offer to sell, for himself property listed with said licensee or the broker with whom he is associated, nor shall the licensee acquire any interest therein without making his true position clearly known to the listing owner(s)." 876 IAC § 1-1-36.

Finally, Plaintiffs received a Gary Sanitation Bill for the property located at 1007 W. 39th Avenue, Gary, Indiana, addressed to Carol Luken on December 26, 2006.

**ANALYSIS**

In the Amended Motions to Dismiss pending before the Court, Defendants seek dismissal of Plaintiffs' Complaint under Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6). Defendants argue that the Court lacks subject matter jurisdiction over these proceedings, that the Complaint fails to state a claim upon which relief can be granted, and that Plaintiffs failed to comply with Federal Rule of Civil Procedure 9 by failing to plead fraud with specificity. Because the question of the Court's authority to exercise jurisdiction over this matter is a threshold determination, the Court first considers Defendants' motion under Rule 12(b)(1). *See Bell v. Hood*, 327 U.S. 678, 682 (1946); *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998).

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) seeks dismissal based on a lack of subject matter jurisdiction. "When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320

4

F.3d 698, 701 (7th Cir. 2003); *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). However, "[t]he court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Alicea-Hernandez*, 320 F.3d at 701 (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)); *see also United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

Federal Rule of Civil Procedure 8(a) requires that a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a). Plaintiffs' Complaint contains no such jurisdictional statement. When a defendant moves for dismissal pursuant to Rule 12(b)(1), the plaintiff must demonstrate that the court has subject matter jurisdiction. *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987); *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979).

A federal district court has original subject matter jurisdiction over a case based on (1) a federal question alleged in the Complaint that arises under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331, and (2) complete diversity of citizenship between the plaintiffs and the defendants with the amount in controversy exceeding the sum or value of $75,000.00, *see* 28 U.S.C. § 1332(a). In the instant motion, Defendants argue that Plaintiffs have not established either federal question or diversity jurisdiction, and the Court considers each basis in turn.

First, Plaintiffs fail to establish subject matter jurisdiction based on a federal question. Section § 1331 extends original jurisdiction to "those [cases] in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "To bring a case within the [the federal-question] statute, a right or immunity created by the Constitution or laws of

5

the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936), cited in *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998). In this case, Plaintiffs' allegations against Defendants are grounded in state law. First, the claim for alleged breach of the Purchase Agreement sounds in state-law breach of contract. Next, the claim of alleged fraud sounds in tort under state law. Finally, the alleged statutory violation of the Indiana Administrative Code is also a state law claim. Even when accepting all facts in the Complaint as true, Plaintiffs' allegations do not arise under the Constitution or the laws of the United States. Therefore, there is no federal question jurisdiction under § 1331.

Second, Plaintiffs have failed to establish jurisdiction under 28 U.S.C. § 1332, which requires that the case be between citizens of different states and that the amount in controversy exceed $75,000, exclusive of interest and cost.[1] The Complaint alleges that Defendant Luken communicated a sale price of $33,000.00 for the property in question and that Plaintiffs wrote a check for $1,000.00 that was later returned, uncashed. Plaintiffs have not responded to this motion to attempt to establish an amount in controversy over $75,000.00. Accordingly, Plaintiffs do not satisfy their burden of establishing the requisite amount in controversy and, thus, there is no diversity jurisdiction under § 1332.

---

[1] Section 1332 provides, in pertinent part:
(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between–
    (1) citizens of different States;
    (2) citizens of a State and citizens or subjects of a foreign state;
    (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
    (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
28 U.S.C. § 1332(a).

Finally, it is well settled that the question of whether a complaint states a cause of action on which relief could be granted must be decided after the court has assumed jurisdiction over the controversy. *Bell v. Hood*, 327 U.S. 678, 682 (1946). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). Therefore, because this Court lacks subject matter jurisdiction over Plaintiffs' Complaint, the Court does not consider Defendants' remaining arguments under Rules 8, 9(b), and 12(b)(6) for the dismissal of Plaintiffs' Complaint.

## CONCLUSION

Based on the foregoing, the Court now **GRANTS** (1) "Defendant Carol Luken's Amended Motion to Dismiss" [DE 11], (2) "Defendant Ginter Realty, Inc.'s Amended Motion to Dismiss" [DE 12], (3) "Defendant Eric Mundy's Amended Motion to Dismiss" [DE 13], and (4) the "Joint Motion to Dismiss" [DE 20] and **DENIES as moot** the Motions to Dismiss [DE 7, DE 8, DE 9]. Accordingly, the Court **ORDERS** that Plaintiffs Eleanor and Kelton Aaron's Complaint is **DISMISSED without prejudice** in its entirety as to all Defendants.

So ORDERED this 2nd day of May, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record